## CORNELIUS v WRIGHT

Ohio Appeals, 2nd Dist, Miami Co

No 295. Decided Jan 10, 1933

E. H. and R. H. Kerr, Tippecanoe City, for plaintiff in error.

W. A. Haines, Troy, for defendant in error.

ALLREAD, J.

The question is, first, was the defendant guilty of any violation of law in taking possession of the mortgaged property and, second, was this right waived by the following clause in the petition, to-wit:

"Plaintiff hereby waives the tort and conversion so done and elects to consider said transaction as a sale of said property to the defendant for the reasonable value thereof, to-wit, One thousand and twenty-five dollars ($1,025) over and above the mortgage of defendant."

It appeared from the evidence that the defendant in the court below came into the building where the property was located through the adjoining property and unlocked a night lock to affect an entrance and then took possession of the goods which had previously been in the possession of the plaintiff. The evidence tends to prove that while defendant offered a hundred dollars for peaceable possession of the stock of goods the plaintiff was holding his interest in the stock at $400.00. According to the opinion of the defendant by the illegal entry thereby a determination of his interest of the property, to-wit, one hundred dollars; according to the plaintiff's opinion the value amounted to $400.00.

The mortgage, as shown by the evidence, amounted at the time the defendant took possession of the stock to the sum of about $1100.00. The plaintiff was in peaceable possession of the stock and had paid for the same a short time prior the sum of $2,000.00. We are clearly of opinion that the plaintiff had an interest in the stock of goods which was unlawfully taken by the defendant.

The question is settled in the case of the

M. J. Rose Co. v Lowrey, 33 Oh Ap 488.

The next question and most important question is, was this waived by the written stipulation in the petition attempting to waive the tort and the conversion and suing for the value of the stock.

We are clearly of opinion that this stipulation in the petition did not amount to a determination of the right of the defendant to take possession of the stock or a waiver of the interest of the plaintiff over and above the mortgage. Even although the waiver of the tort and conversion is effective by this averment in the petition it did not waive it unconditionally but only on the theory that the plaintiff Cornelius was entitled to a sum in addition to the mortgage on the property and that he was insisting upon it in this action.

We are therefore of opinion that the trial court was wrong in instructing the jury to return a verdict in favor of the defendant upon the evidence of the plaintiff. The judgment should therefore be reversed and cause remanded for a new trial.

HORNBECK and KUNKLE, JJ, concur.